UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID M. KIRK,

      Plaintiff,

v.                                                         CASE NO. 3:25-cv-1611-MMH-SJH

NEW YORK SECRETARY OF STATE,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on *pro se* Plaintiff's amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Amended Application"). Doc. 5. For the reasons stated herein, the undersigned **recommends** that the Amended Application be **denied** and that this case be **dismissed without prejudice**.

### I.    Background

Plaintiff filed his Complaint for a Civil Case ("Complaint"), Doc. 1, along with an application to proceed in forma pauperis ("Application"), Doc. 2, on December 29, 2025. On January 7, 2026, the undersigned entered an Order ("Prior Order") taking the Application under advisement and, after identifying multiple issues and deficiencies to address and cure, directing that Plaintiff had until January 27, 2026, to: (i) file an amended complaint in accordance with the Court's instructions and all

applicable rules; and (ii) either pay the applicable filing fee or file an amended application to proceed *in forma pauperis* ("IFP"). Doc. 3. The Prior Order also warned that Plaintiff's failure to comply with the Court's instructions would likely result in a recommendation that this action be dismissed without prejudice. *Id.* at 8–9. On February 4, 2026, Plaintiff filed an amended complaint ("Amended Complaint"), Doc. 4,[1] and the Amended Application, Doc. 5.[2]

## II.    Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff who is a natural person to proceed without prepayment of fees or costs where such plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming a motion sufficiently demonstrates a plaintiff meets the financial criteria to proceed IFP, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3] The Court must also *sua sponte* dismiss an action if it determines at any

---

[1] The Amended Complaint was combined in the same filing with two motions. *Id.* Those embedded motions were denied by separate Order. Doc. 7.

[2] The Amended Complaint and the Amended Application are each untimely. *See* Doc. 3 at 8–9. The undersigned has nevertheless considered them. The Amended Application rendered moot the prior Application. Doc. 6.

[3] In considering whether a party has sufficiently stated a claim under § 1915(e)(2)(B)(ii), the same standards applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure apply. *See Alba*

time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court should also take corrective action *sua sponte* if presented with a pleading that does not comply with the Federal Rules of Civil Procedure ("Rule(s)"). *See Abel v. Porshe Cars N. Am., Inc.*, No. 6:24-cv-593-PGB-DCI, 2024 WL 4793326, at *1 (M.D. Fla. Oct. 4, 2024). Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015).[4]

## III.    Analysis

As explained in the Prior Order, the Complaint was deficient. *See* Doc. 3. Even liberally construed, the Complaint did not comply with Rules 8 and 10. *Id.* at 4–5. For example, the Prior Order explained that the Complaint (i) was improperly in narrative format without separately numbered paragraphs; (ii) was unclear as to the parties sued

---

*v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Fed. R. Civ. P. 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).

[4] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

and allegations against each defendant; and (iii) was unclear and neither specified nor stated any discernable claim. *See id.* In addition to these fundamental pleading deficiencies, the Prior Order explained that Plaintiff failed to properly invoke subject-matter jurisdiction, as the asserted basis for jurisdiction—diversity jurisdiction under 28 U.S.C. § 1332—is precluded as the New York Secretary of State ("Secretary") is not a citizen of a state for diversity purposes. *See id.* at 6–7 (collecting authority).[5]

Notably, the Prior Order provided an opportunity to cure the identified deficiencies, if possible, by directing Plaintiff to file an amended pleading. The Prior Order also gave additional instructions for filing a proper pleading and warned that a failure to do so would likely result in a recommendation that this case be dismissed without prejudice. *Id.* at 7–9.[6] Plaintiff's Amended Complaint appears to clarify the parties (naming only Secretary as a defendant) but does not otherwise remedy the deficiencies identified in the Prior Order (and if anything aggravates them). *See* Doc. 4.[7]

---

[5] The Prior Order did not purport to address all potential deficiencies in the Complaint. Nor does this Report and Recommendation purport to address all potential deficiencies in the Amended Complaint.

[6] Upon review of the Amended Application, it does not appear that Plaintiff meets the financial criteria to proceed IFP. For example, Plaintiff has disclosed average monthly income exceeding average monthly expenses by more than the $405 filing fee, and he has disclosed assets including a home and a checking account with a balance exceeding the $405 filing fee. Doc. 5 at 2–3, 5. Regardless, as set forth herein, this action is due to be dismissed for lack of subject-matter jurisdiction and failure to file a proper pleading as directed.

[7] For example, despite the instructions and admonishments in the Prior Order, the Amended Complaint states that the "original complaint is hereby incorporated in this" Amended Complaint. Doc. 4 at 1.

Preliminarily, contrary to the express instructions in the Prior Order, Doc. 3 at 4, 7, the Amended Complaint is in narrative format without separately numbered paragraphs, Doc. 4 at 1–2. That is improper. *See* Fed. R. Civ. P. 10(b); *Merryman v. St. Johns River Water Mgmt. Dist.*, No. 3:24-cv-658-MMH-SJH, 2024 WL 4625724, at *2 (M.D. Fla. Oct. 30, 2024); *Crowder v. World Prod. Sols.*, No. 8:21-cv-1950-TPB-TGW, 2021 WL 4505919, at *1 (M.D. Fla. Sept. 14, 2021) *report and recommendation adopted*, 2021 WL 4502786 (M.D. Fla. Oct. 1, 2021).

Moreover, the Prior Order expressly instructed that Plaintiff's amended pleading must "contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim showing Plaintiff is entitled to relief; and (iii) a demand for the relief sought." Doc. 3 at 7; *see also id.* at 8 ("Plaintiff's amended complaint must adequately identify a basis for this Court's jurisdiction. In addition, although Plaintiff's pleading need not set forth detailed factual allegations, Plaintiff must provide more than mere labels and conclusions, and his factual allegations must be enough to state a plausible claim for relief. Plaintiff must also clearly identify in his demand the relief sought in his amended complaint." (footnote omitted)). The Amended Complaint does not comply with these instructions. Doc. 4. The Amended Complaint is unclear and does not appear to specify or state any discernable claim (or relief). *See id.*

More fundamentally, the Amended Complaint asserts no basis for this Court's jurisdiction, nor is any such basis apparent. *See id.* "Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter

jurisdiction." *Jones v. Waters*, No. 3:24-cv-45-MMH-LLL, 2024 WL 474116, at *1 (M.D. Fla. Feb. 7, 2024). Thus, "a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997); *see also Jones*, 2024 WL 474116, at *1. The Prior Order explained these requirements and explained why the Complaint, which purported to invoke only diversity jurisdiction under 28 U.S.C. § 1332, failed to show the requisite complete diversity for such jurisdiction. Doc. 3 at 6–7. As the Prior Order explained,

> "it is well established that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999); *see also Univ. of S. Fla. Bd. of Trs. v. CoMentis, Inc.*, 861 F.3d 1234, 1235 (11th Cir. 2017). So diversity jurisdiction cannot exist if a party is a state or an arm or alter ego of a state. *See CoMentis*, 861 F.3d at 1235. The Secretary is therefore not a citizen of a state, and diversity jurisdiction is lacking. *See Moore v. Desposito*, No. 15-cv-4319-CBA-LB, 2016 WL 4223967, at *3 (E.D.N.Y. Apr. 19, 2016) (collecting authority that sovereign immunity bars official-capacity claims for damages against the New York Secretary of State), *report and recommendation adopted*, E.D.N.Y. Case No. 15-cv-4319-CBA-LB, Doc. 28 (E.D.N.Y. Aug. 9, 2016); *see also CoMentis*, 861 F.3d at 1235 ("We have held that the Eleventh Amendment immunity analysis applies to determinations of citizenship for diversity jurisdiction purposes.").

*Id.* (footnote omitted); *see also Wang v. Paterson*, No. 07-cv-2032-LTS-AJP, 2008 WL 5272736, at *2–3 (S.D.N.Y. Dec. 18, 2008). Not only does the Amended Complaint fail to remedy this issue, it fails to allege any basis for jurisdiction at all.[8]

---

[8] To the extent the Amended Complaint, by (improperly) wholesale incorporating the original Complaint, *see supra* note 7, can be construed to continue to rely on diversity jurisdiction, such reliance is misplaced for the reasons explained herein and in the Prior Order. To the extent the Amended

In short, despite the instructions in the Prior Order and corresponding opportunity to cure, subject-matter jurisdiction is lacking and the Amended Complaint fails to comply with the Rules.

Accordingly, it is respectfully **recommended** that:

1.    The Amended Application (Doc. 5) be **denied**.

2.    This case be **dismissed without prejudice**.

3.    The Clerk of Court be directed to terminate any pending motions and close the file.

### Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object

---

Complaint can be construed to argue against the requirements of complete diversity or subject-matter jurisdiction on the basis that "no other option exist[s]" in this case, *see* Doc. 4 at 1, any such request is not well-taken, *see, e.g., Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (explaining that subject-matter jurisdiction "cannot be created by the consent of the parties, nor supplanted by considerations of convenience and efficiency" (internal citations omitted); *see also Gov't Emps. Ins. Co. v. Glassco, Inc.*, 58 F.4th 1338, 1346 (11th Cir. 2023).

to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on February 17, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard

*Pro se* Plaintiff